UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN J. COLE,

    Plaintiff,

v.                                                   Hon. Sally J. Berens

CHRIS PREVETTE,                          Case No. 1:19-cv-00222

    Defendant.

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 21). Plaintiff did not timely file a response to Defendant's Motion, and this Court issued an Order to Show Cause requiring Plaintiff to demonstrate why the Court should not dismiss for lack of prosecution or to file his response. (ECF No. 24.) In response, Plaintiff filed an "Opposition" consisting of six exhibits: an expert witness handwriting report, a tabulation sheet, and statements from Plaintiff, Pamela Cole (Plaintiff's spouse), and Christopher Cole (Plaintiff's son). Exhibit 6 (ECF No. 25-6) is labeled "Statement of Steven Cole," but the Court will construe it as Plaintiff's response brief in this matter.

Plaintiff has alleged that, although his wife initially allowed Defendant and other police officers into their home, the police then searched the house without permission and refused to leave when Plaintiff asked them to leave. (ECF No. 1, PageID.2.) In his response to the Motion for Summary Judgment, Plaintiff makes additional allegations that Defendant and others forged documents and otherwise fabricated evidence against Christopher Cole in connection with an investigation into that man's possession of child pornography. (ECF No. 25-6, PageID.147-68.) As discussed below, Defendant's Motion for Summary Judgment (ECF No. 21) is granted.

**Motion Standard**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 538 (6th Cir. 1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). An "objective legal reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). This "insulation from federal civil rights litigation bestowed upon state governmental personnel by qualified immunity sweeps broadly, affording them 'ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Scott v. Clay Cnty.*, 205 F.3d 867, 873 n.9 (6th Cir. 2000) (citations omitted).

The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation and whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* at 236.

Under the "clearly established" inquiry, the question is whether the right was so clearly established that a reasonable official would understand that what he or she is doing violates the law. *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009). "The essential inquiry is whether the defendant had fair warning that his actions were unconstitutional." *Hensley v. Gassman*, 693 F.3d 681, 694 (6th Cir. 2012) (citing *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

## Discussion

Defendant seeks summary judgment arguing that Plaintiff cannot show that Defendant Prevette violated any clearly established Fourth Amendment rights and is entitled to qualified immunity. Defendant argues that Plaintiff is largely asserting his son's Fourth Amendment rights, rather than his own, and that he cannot do so. Further, he argues that Plaintiff's claims are barred by collateral estoppel and *Heck v. Humphrey*, 512 U.S. 477 (1994), because Section 1983 plaintiffs are barred from advancing claims that, if successful, "would necessarily imply the invalidity" of a prior criminal conviction or sentence. *Heck*, 512 U.S. at 487.

Plaintiff does not, in ECF No. 25-6 or elsewhere, respond to the legal issues raised in Defendant's Motion. Nor does he provide any authenticated evidence in support of his response. Pleadings by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, that Plaintiff is proceeding pro se does not relieve him of the obligation to comply with the Federal Rules of Civil

Procedure and this Court's local rules. *See Gora v. Gelabert*, No. 1:08-CV-992, 2009 WL3233849, at *9 (W.D. Mich. Sept. 30, 2009) ("Pro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines."); *In re Sharwell*, 129 F.3d 1265, 1997 WL 681509, at *1 (6th Cir. 1997) (table) (pro se status does not exempt litigant from compliance with procedural rules); *Johnson v. Jondreau*, 2014 WL 4100939, at *1 (W.D. Mich. Aug. 18, 2014) (same).

Defendant is correct that the bulk of Plaintiff's allegations relate to the search of Christopher Cole's room and computer and to Plaintiff's allegation that someone forged his son's signature and initials on various forms. Plaintiff cannot assert his son's Fourth Amendment rights vicariously. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978); *Jones v. Lewis*, 874 F.2d 1125, 1131-32 (6th Cir. 1989); *American Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644, 673-74 (6th Cir. 2007). Indeed, Christopher Cole filed a suppression motion on similar grounds in his state criminal case, although he pled guilty to a criminal charge before the court decided the motion. (ECF No. 22-2, PageID.76.)

A review of Plaintiff's submissions reveals that there are, nonetheless, two claims in which Plaintiff is arguably asserting that Defendant violated Plaintiff's own Fourth Amendment rights: (1) Defendant's expansion of the search of the house beyond what Plaintiff's wife permitted (PageID.157), and (2) Defendant's refusal to leave Plaintiff's house after he returned home (PageID.153-54).

As to the first, Plaintiff provides no legally competent evidence to support the claim.[1] His allegation is based on his wife's written statement that she did not permit the police officers to search the house more thoroughly. However, the statement Plaintiff provides to the Court from Pamela Cole was not made under oath, and she is now unfortunately deceased. Plaintiff has submitted no admissible evidence to support his claim, and Defendant is therefore entitled to summary judgment with regard to that claim. *Agristor Fin. Corp.*, 967 F.2d at 236. Moreover, because Plaintiff has not presented

---

[1] Defendant, by contrast, has submitted an affidavit in which he testifies that Mrs. Cole gave police permission to enter the home and contact the son and directed police to his room. (ECF No. 22-2, PageID.74.) He also avers that Christopher Cole gave police consent to search his room. (*Id.*)

admissible evidence to support a constitutional violation, Defendant Prevette is entitled to qualified immunity. *Pearson*, 555 U.S. at 232, 236.

As to the second, Plaintiff alleges, including in his own statement, that when he told Defendant Prevette to leave his house, Defendant refused, responding that he was seeking a warrant. (ECF No. 25-5, PageID.145.) Plaintiff also concedes that Defendant Prevette had told him that they had a tip from Google that someone with an email address similar to his son's had downloaded images of child pornography at the IP address registered to the Coles' home. (*Id.*) A reasonable police officer would have thought that constituted probable cause to search the home. And as Defendant notes, where police had probable cause to search the home, they were entitled to secure the scene to seek a warrant to prevent the destruction of evidence. *Ker v. California*, 374 U.S. 23, 40 (1963). On those facts, a reasonable official in Defendant Prevette's position would have believed that his conduct in remaining in the home while another officer sought a warrant was lawful.

Therefore, reviewing the facts in the light most favorable to Plaintiff, there is no genuine issue of material fact from which the Court can conclude that Defendant Prevette knew he was violating Plaintiff's Fourth Amendment rights. Nor has Plaintiff identified precedent establishing that Defendant Prevette should have known he was violating a clearly established right. Defendant Prevette is thus entitled to qualified immunity.[2]

---

[2] Because the Court finds that Defendant Prevette is entitled to summary judgment and qualified immunity, it need not reach the question of whether *Heck v. Humphrey*, 512 U.S. 477 (1994), or collateral estoppel preclude this suit. However, the Court notes that the Sixth Circuit has held that *Heck* does not apply to third-party claims, given that such claims do not risk conflict with habeas law. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 616 (6th Cir. 2014) (*Heck* did not bar criminal defendant's parents' Section 1983 claim). Defendant cites *Barton v. Priest*, 2008 WL 4372637 (2008), but that unpublished district court case did not have the benefit of *Hayward*.

**Conclusion**

For the reasons set forth above, I grant Defendant's Motion for Summary Judgment (ECF No. 21), and dismiss Plaintiff's complaint with prejudice.  A separate order will enter.

Dated: May 28, 2020                                          /s/ Sally J. Berens
                                                                           SALLY J. BERENS
                                                                           U.S. Magistrate Judge